HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARLOS JOHNSON,

    Plaintiff,

v.

GRADY WAY STATION, LLC, et al.,

    Defendants.

CASE NO. C08-1651RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on Plaintiff Carlos Johnson's motion to disqualify counsel for Defendant Jay Cramer (Dkt. # 11), the motion of Mr. Cramer and Defendant Grady Way Station, LLC ("Grady Way Station") for judgment on the pleadings (Dkt. # 10), and Mr. Johnson's motion (Dkt. # 21) for an extension of Fed. R. Civ. P. 4(m)'s 120-day limit for service of process. For the reasons stated below, the court DENIES Mr. Johnson's motions (Dkt. ## 11, 21) as moot, and DENIES Defendants' motion (Dkt. # 10).

## II. BACKGROUND

This action arises from allegations that Mr. Cramer, a clerk at a gas station that Grady Way Station operates, refused to sell gas to Mr. Johnson on the basis of his race. Mr. Johnson asserts federal and state civil rights claims, a claim under the Washington Consumer Protection Act ("CPA"), and a claim for intentional infliction of emotional distress.

ORDER – 1

1 | Mr. Johnson served Grady Way Station with the summons and complaint, but has been unable to locate Mr. Cramer for service. On December 2, 2008, defense counsel entered a notice of appearance on behalf of both Grady Way Station and Mr. Cramer. Later, defense counsel filed a motion for judgment on the pleadings on behalf of both Defendants. In that motion, both Grady Way Station and Mr. Cramer ask the court to dismiss Mr. Johnson's intentional infliction of emotional distress and outrage claims.

### III. ANALYSIS

The court begins by declining to address Mr. Johnson's motions. Both arise from his failure to serve process on Mr. Cramer. These motions are moot, however, because by filing a Rule 12(c)[1] motion, Mr. Cramer waived his right to object to service of process and submitted to the court's jurisdiction. *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106 (9th Cir. 2000) ("A fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under Fed. R. Civ. P. 12 must be raised at the first available opportunity or, if they are not, they are forever waived."). The Federal Rules require a defendant to either object to service of process at his first opportunity, or waive the defense. *See id.* Rule 12(b)(5) requires an objection to "insufficient service of process" by either motion or a responsive pleading. Rule 12(h) provides that a party waives a Rule 12(b)(5) motion by, among other things, "omitting it from a motion in the circumstances described in Rule 12(g)(2)." Fed. R. Civ. P. 12(h)(1)(A). Rule 12(g)(2), in turn, dictates that a party who makes a Rule 12 motion cannot subsequently make any other Rule 12 motion except those described in Rule 12(h)(2) and 12(h)(3). Mr. Cramer raised a motion under Rule 12 (specifically a Rule 12(c) motion), and did not at the same time make a motion asserting his improper service defense. He has thus waived that defense, and submitted to the jurisdiction of the court.

---

[1] A motion for judgment on the pleadings is proper only after "pleadings are closed." Fed. R. Civ. P. 12(c). Pleadings are not closed as to Mr. Cramer, because Mr. Cramer never answered the complaint. Mr. Cramer should therefore have filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. His error does not affect the court's analysis.

ORDER – 2

Before leaving the improper service issue behind, the court notes its disappointment in the conduct of both Mr. Cramer's counsel and Mr. Johnson's counsel. Mr. Johnson's counsel appears to have done little to attempt to personally serve Mr. Cramer, relying instead on its unsupported belief that Mr. Cramer's counsel was somehow obligated to waive service of process. Mr. Johnson's counsel's motion to disqualify Mr. Cramer's counsel for not helping him effect service merely augmented one baseless legal argument with another. Mr. Cramer's counsel has declined to provide Mr. Cramer's location, going so far as to omit Mr. Cramer from the list of persons who are likely to have discoverable information in Grady Way Station's initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(A)(i) (requiring name and address of persons known to have discoverable information). Although there are circumstances in which it is appropriate to withhold information about a client's location, there is no indication in the record before the court that this case presents such circumstances. The court will not hesitate to impose appropriate evidentiary sanctions to remedy any improper attempt to withhold information about Mr. Cramer.

The court now turns to Defendants' motion for judgment on the pleadings. They first argue that the court should dismiss Mr. Johnson's claim for intentional infliction of emotional distress because emotional distress damages are available for Mr. Johnson's civil rights claims. Defendants contend that the court should dismiss the emotional distress claim to avoid duplicative damages. Defendants note that some courts have dismissed intentional infliction of emotional distress claims as duplicative of other claims in which emotional distress damages are available. *E.g.*, *Anaya v. Graham*, 950 P.2d 16, 20 (Wash. Ct. App. 1998) (dismissing outrage claim as duplicative of emotional distress damages available under Washington Law Against Discrimination). This court does not employ that practice. Should Mr. Johnson's emotional distress claims and civil rights claims proceed to trial or otherwise to judgment, the court can ensure through proper jury instructions or other means that he does not recover duplicative damages. For that

ORDER – 3

reason, dismissing a claim near the outset of litigation merely because it might duplicate damages available in another claim is unnecessary. It may also be improvident, because further litigation may reveal fatal substantive defects in one or more claims, in which case the dismissed alternative claim would become the sole vehicle for recovering damages, and thus no longer duplicative. Mr. Johnson's emotional distress claim does not expand the scope of discovery or otherwise place additional burdens on Defendants. The court thus declines to dismiss it, without prejudice to doing so later in the event that it is necessary to prevent recovery of duplicative damages.

Defendants' attempt to dismiss Mr. Johnson's CPA claim fails as well. They correctly observe that the CPA provides relief solely for a plaintiffs "injured in his or her business or property" (RCW 19.86.090), and does not permit damages for personal injuries or for emotional distress. *See*, *e.g.*, *Wash. State Physicians Ins. Exchange & Assoc. v. Fisions Corp.*, 858 P.2d 1054, 1063-64 (Wash. 1993). The complaint, however, alleges that Mr. Johnson was not permitted to purchase gasoline, and thus suffered an economic injury. Defendants have cited no authority establishing that this injury is not an "injury to business or property" compensable under the CPA. *Cf. Ambach v. French*, 141 Wn. App. 782, 787 (Wash. Ct. App. 2007) (distinguishing between personal injuries caused by medical malpractice and injuries arising from the entrepreneurial aspects of medical practice). The court declines to dismiss the CPA claim.

## IV. CONCLUSION

For the reasons stated above, the court DENIES Plaintiff's motions (Dkt. # 11, 21) and Defendants' motion (Dkt. # 10).

DATED this 6th day of April, 2009.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 4